# CHARLESTON.

## PATTERSON v. CLEM.

### Submitted February 20, 1917.   Decided February 27, 1917.

1. **APPEAL AND ERROR**—*Jurisdiction—Dismissal.*

   An appeal will not be dismissed in this court upon the ground that there is not the jurisdictional amount of one hundred dollars involved, where it appears that the things contended for by the appellant, and which were not allowed to him by the lower court, exceeded in value or amount the sum of one hundred dollars. (p. 667).

2. **SAME**—*Findings of Commissioner—Reversal.*

   A decree confirming the report of a commissioner based upon varying opinions as to the rental value of real estate will not be reversed unless the findings of such commissioner appear to be plainly wrong.   (p. 668).

3. **TENANCY IN COMMON**—*Rent—Action for Accounting.*

   Monies received by a co-tenant in possession of land from a lessee in an oil and gas lease for the purpose only of continuing such lease in force, will not be treated as rent, issues or profits derived from the land in a suit brought by a joint owner for an accounting of such rents, issues and profits, where it appears that such lease was surrendered without any operations being conducted upon the land thereunder, and without any ratification thereof by the party seeking contribution.   (p. 668).

4. **FORMER DECISIONS**—*Adherence.*

   Point three of the syllabus in the case of *McNeely* v. *South Penn Oil Co.,* 58 W. Va. 438, approved.   (p. 668).

Appeal from Circuit Court, Jackson County.

Suit by Clara May Patterson against John W. Clem and others.   Decree for defendants, and plaintiff appeals.

*Affirmed.*

*John H. Riley,* for appellant.

*N. C. Prickett* and *J. L. Wolfe,* for appellees.

RITZ, JUDGE:

This suit was instituted to partition a tract of land in which the plaintiff claimed to own a one-seventh interest, and to

compel the defendant to account. for the rents, issues and profits derived therefrom. The defendant claimed to be the owner of the entire tract and was in the possession of it for sometime prior to the entry of the final decree in this cause. By that decree it was ascertained that the defendant owned six-sevenths of the tract of land and the plaintiff one-seventh thereof. An account was taken by a commissioner of the rents, issues and profits for which the defendant was liable, he having been in possession of said land during the minority of the plaintiff. A number of witnesses were examined as to the rental value of the real estate, and the testimony of these witnesses fixed its rental value at figures varying from thirty-five dollars per year to one hundred and fifty dollars per year. Upon the whole evidence the commissioner found that seventy dollars per year was the reasonable rental value of the property, and this finding was confirmed by the circuit court. It also appears that while the defendant was in the possession of this property, claiming it as his own, he made a lease for oil and gas purposes, by the terms of which lease the lessee was to drill for oil and gas within a certain time; or, failing to drill for oil and gas, to pay the sum of one hundred and fifty dollars per year for each year he failed to drill for oil and gas, in order to keep the lease alive. The lessee paid to the defendant these delay rentals for three years, but never operated upon the land, and at the end of that time surrendered the lease.

The plaintiff contends that the court below erred in not finding that the rental value of the real estate was more than seventy dollars per annum, she contending that it was one hundred and fifty dollars per annum; and also in denying her participation in these delay rentals derived by the defendant from the oil and gas lease.

A motion is made to dismiss this appeal because it is contended that there is not involved an amount sufficient to give this court jurisdiction. This motion cannot be sustained. If the appellant is correct in her contention there is involved a little more than twice as much in the way of rents, issues and profits as she received, and also one-seventh of the delay rentals, which together would be in excess of the sum of one hun-

dred dollars.  The jurisdiction is not defeated because of the claim of appellee that appellant's contentions cannot be sustained.  It is to determine this question that requires the exercise of this Court's jurisdiction.  This Court will have jurisdiction on appeal or writ of error if the matter demanded by the plaintiff in error or appellant, and which he did not recover below, exceeds in value or amount the sum of one hundred dollars; and even though this court should determine that his contentions are without merit, it would not thereby be deprived of jurisdiction, for the reason that such conclusion can only be reached by the Court by the exercise of such jurisdiction.

Plaintiff's contention that she is entitled to have the rental fixed at $150.00 per annum, or at some amount in excess of the amount fixed by the commissioner, cannot be sustained. The evidence upon this question consists of the opinions of witnesses familiar with the land.  The commissioner, after a review of these opinions, having found that $70.00 per annum is the reasonable rental value, and this conclusion being supported by the evidence, his finding, confirmed by the circuit court, will not be disturbed.  *Moore* v. *Ligon,* 30 W. Va. 146; *Handy* v. *Scott,* 26 W. Va. 710; *Kane & Keyser Hardware Co.* v. *Cobbs,* decided at the present term of this Court.

The contention of the appellant that she is entitled to receive one-seventh of the delay rentals on account of the oil and gas lease above referred to is answered by the case of *McNeely* v. *South Penn Oil Co.,* 58 W. Va. 438, where it is held that no part of such delay rentals derived from an oil and gas lease are recoverable by a co-tenant as part of the damages in a suit for waste; neither are they recoverable as rents and profits.  It cannot be contended that this money is rents or profits arising from the land, nor is it derived as the result of any waste committed upon the land; it in no way grows out of the real estate, or any use made of the real estate, but is simply the result of the contract between the defendant and the lessee.  *McNeely* v. *South Penn Oil Co., supra,* holds in the third point of the syllabus: "In such case, rentals received by the co-tenant in possession for delay in drilling, under a provision of the lease, constitute no part

of the damages and should not be included in the decree, nor are they to be accounted for as rents and profits, unless the lease is ratified or acquiesced in by the other co-tenant.'' This doctrine we approve, and it is an answer to plaintiff's contention in regard to this item.

The case of *Sommers* v. *Bennett*, 68 W. Va. 157, is relied upon by the appellant as supporting her contention that she is entitled to a part of these delay rentals. In that case a co-tenant brought a suit for an accounting for rents, issues and profits. By his bill he affirmed a lease which had been made for oil and gas by his co-tenant and the lessee under which was then operating upon the land, and the court held that by affirming the lease, and accepting the lessee, he became entitled to all the benefits of the same.

In the case at bar the lease was never ratified by the appellant. It was cancelled and surrendered long before this suit was brought and no oil or gas was ever produced under it, so that that case cannot be held to be authority for the contention made here.

We find no error in the decree complained of, and the same is affirmed.

*Affirmed.*