# CHARLESTON.

LUCINDA M. CARTER *v.* DITSON P. CARTER *et al.*

(No. 6433)

Submitted May 14, 1929.    Decided May 21, 1929.

*Vinson, Thompson, Meek & Scherr,* for appellant.
*J. H. Strickling* and *R. P. Asbury,* for appellee.

HATCHER, JUDGE:

In 1891 the plaintiff purchased a lot in the city of Huntington at the price of $500.00 on which she built a house costing approximately $2,000.00.   On June 12, 1895, she conveyed the house and lot to one of her sons, O. M. Carter, who resided at that time in the East.   By deed of July 1, 1895, O. M. Carter granted the property without a monetary consideration to the defendant, Ditson P. Carter, another son of plaintiff, who resided in Huntington.   O. M. Carter testified

that both of these conveyances were made at the suggestion of Ditson, and that their purpose was to put the property in the hands of Ditson so that he could "readily handle" it for the plaintiff. Ditson sold the property in 1911, and this is a suit to compel him to account therefor. From a decree in favor of plaintiff, Ditson appeals.

Both in the brief of Ditson Carter and in the argument of his counsel, it was stated that the bill alleged that Ditson had "failed from the beginning to comply with the trust which the plaintiff sets up", and that the bill contained no explanation of the long delay in bringing this suit. For these reasons, it is contended the demurrer should be sustained. An examination of the bill fails to find the allegation upon which the defendant relies. The bill simply alleges the trust in her favor and that "Ditson has sold the lot and has never paid nor accounted to her therefor". The date of the sale is not alleged and no "long delay" in bringing this suit is apparent from the bill. Therefore, the demurrer was properly overruled.

It is also contended that the circuit court erred in holding that the conveyance to Ditson Carter was in trust for the plaintiff. Ditson denies the trust and testifies that the conveyance was a mere gift to him from his brother. Both the commissioner and the circuit court, however, have found against him on that proposition; there is ample evidence to support the finding, and we cannot say that it is wrong. *McBee* v. *Deusenberry*, 99 W. Va. 176.

Ditson then charges the plaintiff with laches. As demonstrating wherein he is prejudiced by the late assertion of the plaintiff's claim, he says that he spent several hundred dollars in improving the property believing it to be his own; that he kept no account of the rents paid him for its use, and that he does not remember the price he received for it. O. M. Carter testified that at Ditson's request, he sent Ditson $1500.00 to be spent on improving the property. True, Ditson attempts to deny this testimony, but O. M. Carter produced a cancelled check for $1500.00 bearing Ditson's endorsement, which Ditson failed to explain. Ditson does not testify that he does not recall the rent or the approximate rent charged for the

property. He is not shown to have owned but a few pieces of real estate. His failure to remember the price he received for the property in question, is, therefore, a remarkable instance of amnesia, particularly when his evidence is so positive on a great number of minor details which occurred prior to 1911. We discern no prejudice to him by reason of the delay, and delay without prejudice does not constitute laches. Pomeroy Eq. Juris. (4th Ed.), sec. 1442. *Camden* v. *Fink C. & C. Co.,* 106 W. Va. 312, 145 S. E. 575; *Bennett* v. *Bennett,* 92 W. Va. 391,399.

Ditson also relies on the statute of limitations. But the evidence shows that the plaintiff lived in Idaho from 1911 to 1915, in Illinois from 1915 to 1924, inclusive, and that she had no actual notice of the sale of the property. This suit was instituted in 1926. Therefore, her demands are not silenced by the statute. "Neither the statute of limitations nor laches applies to express trusts, until and from the time the trustee repudiates the trusts by unequivocal word or acts, and such repudiation is so brought to the notice of the beneficiary as to call upon him to promptly assert his equitable rights." *Ruckman* v. *Cox,* 63 W. Va. 74. *Bennett* v. *Bennett, supra,* p. 398.

The circuit court fixed the value of the property at $2,500.00. Ditson says that this valuation is not sustained by the evidence. The cost of the lot and the house, including improvements, approximated $3,000.00. No deterioration in the property is proven and nothing warrants an inference that it was worth less than it cost. The estimate fixed by the court is conservative and sufficiently sustained by the proof.

Oral trusts, such as this one, are not within our statute of frauds and will be enforced in equity. *Swick* v. *Rease,* 62 W. Va. 557; *Lantz* v. *Tumlin,* 74 W. Va. 196, 198.

Cross error is charged by plaintiff, because the circuit court did not require Ditson to account for the $1,500.00 advanced by O. M. Carter to improve the property. As there are no allegations in the bill relating in any way to this $1,500.00, the ruling of the chancellor thereon was proper.

The judgment of the circuit court will be affirmed.

*Affirmed.*