FLORENCE McNABB *v.* S. E. LOVE *et al.*

ETHEL M. HEDRICK *v.* S. E. LOVE *et al.*

Nos. 6876, 6876-A)

Submitted March 10, 1931.   Decided March 17, 1931.

*Livezey, Hogsett & McNeer* and *Williams & Riffe* and *C. O. Dunn,* for appellants.

*Love & Love* and *Dillon, Mahan & Holt,* for appellees.

LIVELY, JUDGE:

These two partition cases, argued and submitted together, present one question, namely, did the court err in decreeing that a sale of the property involved would promote the interests of all the owners?

Alex McNabb died intestate in 1926 having joint ownership with G. M. Hedrick and Ethel M. Hedrick of various parcels of land, improved and unimproved, in and near the city of Beckley, in Raleigh County.

McNabb and Ethel M. Hedrick each owned a one-half undivided interest in a lot on Main Street in said city on which was erected a three-story business and office building (which is the principal and most valuable realty involved) having an estimated market value of $100,000.00.   They had like ownership in certain lots, about 22 in number, in the Commercial

Addition to said city, and Ethel M. Hedrick instituted case No. 6876-A for partition of these properties.

Case No. 6876 is for partition of the lots owned jointly and equally by McNabb and G. M. Hedrick, situate in or near said city, instituted by Florence McNabb.

Commissioners of partition reported the properties not susceptible of partition in kind, and there were no exceptions to the report. The parties went to proof on the contested question whether the interests of all would be promoted by a sale, the widow having elected to take a computed sum in lieu of dower in kind. The court held that the interests of all would be promoted by a sale, and decreed sale thereof for one-third cash and balance in one and two years. From this decree, S. E. Love, S. E. Love, executor and trustee, Margaret Gulley and Alexander Love appealed. S. E. Love owns a 1/21 part of Alex McNabb's interest, and as executor and trustee under the will of Sarah Caple (a sister of McNabb) has another 1/3 interest; Margaret Gulley has a one-third undivided interest in Alex McNabb's part, and Alexander Love owns 1/21 undivided interest in the same.

Appellants argue that the evidence is insufficient to support the court's finding, namely, that the interests of all parties would be promoted by sale. Plaintiff's evidence (and the evidence in each case was by agreement made a part of each case) is to the effect that the property is not bringing a sufficient return. The values and condition of the properties are given together with the gross and net returns, without taking into consideration the depreciation, or the value of the services of the custodian and manager thereof, which is estimated at $50.00 per month, and witnesses for plaintiff, familiar with the properties, express opinions that under such conditions and circumstances the interests of all will be promoted by sale. Appellants' evidence is to the effect that there is a financial depression, and that a sale under direction of the court, termed a "forced sale," would, under present economic conditions, most likely result in a sale for an inadequate price. They express the opinion that the property at such "forced sale" would not bring its value, citing the result of sales to satisfy trust liens which have taken

place in the community in recent years; wherefore they are of the opinion that the interests of appellants would not be promoted by a sale at this time. All witnesses agree that economic conditions are not as good in the community as in former years, although the banks have the usual amount of money. No one expresses the opinion that economic conditions will get better, nor does any person offer any facts on which that assumption could be based. One or two witnesses for appellants express the hope that "things will be better here sometime." Another witness said: "Well, the times— I guess business is a little off, but it is as good as it has been for the past five years here." Other witnesses cite instances of private sales of property in the community which brought their full values, if not more. If we should say that property sold by judicial process will bring less money, on the average, than when sold by private contract, a fact testified to by witnesses, and therefore the best interests of the parties would not be promoted by sale, the statute which authorizes sales in partition cases would not be effective. That evidence and that argument is beside the mark. Whether real estate values in that community have heretofore been inflated does not appear. The money value of any article of commerce is what it will bring in the market. And the money value of real estate, as an investment, is generally determined by the returns therefrom. Analysis of the defense here set up is that the court should wait for better economic conditions when it is likely that a better price may be obtained; and yet there is nothing in the record which would indicate that such conditions will arrive. It is hoped that sometime there will be better conditions. "Hope springs eternal in the human breast." The court has control of its sales, and will not confirm unless the price offered is fair and adequate. It has power over its commissioners to direct them to defer sales for good reason. It is presumed that a court will perform its duty and not sacrifice the interests of any litigant through judicial sales. Appellants say that sacrifice has already been made by the court's decree. The entry of the decree does not do so. They can protect their interests, if perchance, a sale at an inadequate price is reported.

On this evidence we cannot say that the court committed error in directing sale. From stated viewpoints the witnesses have expressed contrary opinions. The trial chancellor has weighed these opinions and considered the grounds on which they were based. The evidence is somewhat conflicting, but under the principle announced in *Ross* v. *McConnaughy*, 85 W. Va. 199; *McBee* v. *Deusenberry*, 99 W. Va. 176; *Weaver* v. *Akin*, 48 W. Va. 456; *Carter* v. *Carter*, 107 W. Va. 394, and some fifteen recent cases repeating and applying the principle, we cannot say the decree is not sustained by the evidence.

*Affirmed.*