HERBERT A. CRAWFORD *et al. v.* R. B. CAPLINGER, *Trustee, et al.*

(No. 6758)

Submitted May 13, 1931. Decided May 19, 1931.

*Wm. A. Arnold* and *Samuel T. Spears,* for appellants.
*Earl L. Maxwell* and *D. H. Hill Arnold,* for appellees.

LITZ, PRESIDENT:

The purpose of this suit is to establish a parol trust in land, and compel an accounting by the alleged trustee. The bill of complaint, filed at January Rules, 1928, alleges that the plaintiffs, Herbert A. Crawford and Stella C. Cromwell are the only children and heirs at Law of K. B. Crawford who died, intestate, January 6, 1921; that in 1907, said K. B. Crawford, Shelton L. Reger and defendant, R. B. Caplinger, entered into a contract whereby Caplinger agreed to purchase delinquent lands at tax sales to be held that year in Randolph County for the joint and equal benefit of Crawford, Reger and himself; the capital to be advanced equally by Caplinger and Crawford and necessary legal services rendered by Reger; that pursuant to such agreement Caplinger, as trustee, purchased at delinquent tax sales in said county, in December, 1907, eleven parcels of land; that part of said lands having been redeemed, the remainder were conveyed in December, 1908, by the clerk of the county court of Randolph County to Caplinger as trustee for Crawford, Reger and himself, as 123/160 of an acre on Kittle Run, one-half lot in the town of Pickens, Lot 70, Block 1, in the town of Whitmer and 100 acres of land on Jenks Fork; that by deed dated July 3, 1909, Caplinger, trustee, conveyed to Ed S. Bond the lot in the town of Whitmer for a cash consideration of $50.00; that in 1911, Reger released his interest in the lands and thereafter Caplinger held the same as trustee for himself and

Crawford; that by deed dated November 10, 1919, Caplinger, trustee, conveyed to J. B. Moore, and others the 100 acres on Jenks Fork (reserving the coal, oil and gas thereunder), for a cash consideration of $1500.00; that Caplinger, as such trustee, still holds title to the one-half lot in the town of Pickens, but plaintiffs are not advised as to what disposition, if any, he has made of the 123/160 of an acre on Kittle Run; and that he has never accounted to K. B. Crawford nor to the plaintiffs for any rents, issues or profits from said lands.

Demurrer and answer filed. Laches and the statute of limitations are relied upon as grounds of demurrer. The answer admits that a parol agreement, as alleged in the bill, was tentatively entered into between Caplinger, Crawford and Reger, but charges that Crawford failed to furnish any capital for the venture, wholly abandoned the undertaking and never asserted any claim thereunder. Caplinger's version of the transaction in his testimony is that he offered Crawford, on the day of purchasing the delinquent lands, one-third interest therein if he would furnish one-half of the investment; to which Crawford replied that if he decided to accept the offer he would pay in the required amount the following day; and that Crawford never accepted the offer or paid any of the investment. Reger testified to the agreement as alleged in the bill, but does not state whether Crawford complied with his obligation to furnish one-half of the capital. A written contract, dated April 14, 1911, between Caplinger, trustee, and Reger relating to the 100 acres of land, recites that the same was "purchased by the said Caplinger, trustee, for the use and benefit of himself, *K. B. Crawford* and Shelton L. Reger." In this contract, Reger released his interest in the trust in consideration of an option (never exercised) to purchase the 100 acre tract at $1,000.00. The circuit court overruled the demurrer; and on final hearing, sustained the alleged trust and required Caplinger to account to the plaintiffs for the proceeds of sales of the partnership lands, and rents, royalties and profits received therefrom within five years of institution of the suit.

This appeal was awarded at the instance of the plaintiffs on the ground that the circuit court improperly sustained the

plea of the five year-statute of limitations interposed by defendant. Caplinger, on the other hand, not only resists the relief now sought by plaintiffs, but cross-assigns error to the finding of the alleged trust.

Considering first the cross assignment, the evidence is, in our opinion, sufficient to establish the trust. As already stated, Caplinger admits that the alleged agreement was tentatively entered into, but contends that it was never consummated. His unexplained written declaration of the trust four years later, however, cannot be overthrown by his verbal statement, if admissible, that no trust ever existed. If Crawford failed to advance his part of the investment, Caplinger will be entitled to credit for the amount with interest upon a settlement of the trust; and, under the circumstances, the plaintiffs will be required to maintain the affirmative of the issue.

As the record does not disclose a repudiation of the trust by Caplinger, communicated to the beneficiaries, until a few weeks before suit, neither laches nor the statute of limitations is applicable. ''Where there is an express trust ordinarily laches cannot be imputed to the beneficiary until the trustee repudiates the trust, and such repudiation is communicated to the beneficiary. Nor will the statute of limitations begin to run until such repudiation and notice occurs.'' *Bennett* v. *Bennett,* 92 W. Va. 391; *Carter* v. *Carter,* 107 W. Va. 394.

The decree of the circuit court, in so far as it limits the time for which the defendant shall account to plaintiffs, is reversed, but in all other respects affirmed.

*Reversed in part; affirmed in part.*