O. C. Lewis, *Adm'r.*, etc. *v.* Irvin Milam *et al.*

(No. 7391)

Submitted January 24, 1933.   Decided April 4, 1933.

550

*E. P. Alderson* and *G. G. Duff*, for appellant.
*J. E. Springston* and *O. C. Lewis*, for appellee.

MAXWELL, PRESIDENT:

This is an appeal from a decree of the circuit court of Nicholas County entered in settlement of the estate of Wallace Milam, presumed to be dead.

On the 9th of January, 1912, Wallace Milam departed from his home in Nicholas County, destination unknown but presumably beyond the bounds of the state, and has not been heard of since his departure. Immediately before leaving he executed and delivered to his brother Irvin Milam a memorandum as follows:

> "This is to sertify that I have got and used to the amount of six hundred and forty two dollars and forty five cts. from Irven Milam. I further agree that if I should have any interest in the A. B. Milam Estate that my interest shall stand good to Irven Milam for the amount of six hundred and forty two dollars and forty five cts. for value received with interest from date."

In January, 1918, Andrew B. Milam, father of Wallace and Irvin, departed this life seized and possessed of a farm of 250 acres in said county. Other than the two sons, he was survived by a daughter, Alice M. Cutlip. Wallace Milam's wife obtained a divorce from him from the bonds of matrimony by decree of the circuit court of Nicholas County April 18, 1913. They had one child, Ellen Milam Harper.

In February, 1918, Irvin Milam acquired of his sister, Alice M. Cutlip, by purchase, deed executed by her and her husband, her undivided one-third interest in the said land of her father, Andrew B. Milam. Irvin lived on the land, made improvements and paid taxes. In 1924, he executed an oil and gas lease on the land. The lease remained in force until 1928, when it was surrendered. No oil or gas wells were drilled, but Irvin received from the lessee $875.00 in delay rentals. In 1926, Irvin sold from the land certain timber, cross-ties and locust posts for which he received a total of $2,280.80.

On the 16th of June, 1930, the county court of Nicholas County, on motion of the said Ellen Milam Harper, under provisions of section 12, chapter 86, Code 1923, ascertained from evidence adduced that the said Wallace Milam was presumed to be dead under the laws of the state and appointed the plaintiff, O. C. Lewis, administrator of the personal estate of said supposed decedent. The administrator then instituted this suit under authority of section 13, chapter 86, Code 1923, for the purpose of settling the estate of said Wallace Milam.

Upon final decree, the court held (a) that Irvin Milam was indebted to the estate of Wallace Milam in the sum of $1,-367.48, being inclusive of one-third of the sums received by Irvin in 1926 from the sale of timber, cross-ties and locust posts, with interest, and one-third of the aforementioned sum of $875.00, received by Irvin as delay rental under the oil and gas lease above mentioned, with interest; (b) that the estate of Wallace Milam was indebted to Irvin Milam in the sum of $642.45, with interest from June 16, 1930, by reason of the above mentioned memorandum of January 9, 1912; (c) that the said Ellen Milam Harper, only heir of Wallace Milam, is the owner of an undivided one-third interest in the real estate of which her grandfather, Andrew B. Milam, died seized, and that after the payment of debts, costs of administration and costs of suit, she is entitled to the residue of the balance arising in favor of the Wallace Milam estate under the court's said requirements; (d) that the said Ellen Milam Harper enter into a bond in the penalty of $3,000.00 conditioned to make refunds if the said Wallace Milam should at any time within

fifteen years from the date of the entry of the decree appear and claim said estate.

We are confronted with numerous assignments of error and cross-error. We shall give consideration to the points involved without special reference to the assignments.

The first item for consideration is the memorandum of indebtedness of January 9, 1912. As stated, the court allowed interest on the principal sum evidenced by said memorandum only from June 16, 1930, being the date of the appointment of the administrator of the estate of Wallace Milam. Irvin contends that he should be allowed interest from the date of the memorandum. On the other hand, it is urged by the estate of Wallace that the debt is barred by the statute of limitations which was regularly pleaded by the administrator. The obvious purpose of the memorandum of January 9, 1912, was to impress the prospective interest of Wallace Milam in his father's estate with a lien or trust in favor of his brother Irvin for admitted specific indebtedness, "with interest from date". Its only import was to evidence the amount owing and to create an equitable right enforceable after the death of Andrew B. Milam, which right was to be contingent upon Wallace's having an interest in his father's estate. This was not a promise to pay money. The trust or lien thus created is of a purely equitable nature, and is unaffected by the statute of limitations. "The bar of the statute of limitations will not be applied in equity to the enforcement of a claim, of which equity alone has cognizance." *Heiskell* v. *Powell*, 23 W. Va. 717. Concordant: *Currence* v. *Ward*, 43 W. Va. 367, 27 S. E. 329; *Patrick* v. *Stark*, 62 W. Va. 602, 59 S. E. 606; *Camden* v. *Coal & Coke Co.*, 106 W. Va. 312, 145 S. E. 575. The doctrine of laches has no application because the situation of the parties has in no wise changed since the death of Andrew B. Milam. "Delay alone does not constitute laches; it is delay which places another at a disadvantage." *Carter* v. *Carter*, 107 W. Va. 394, 148 S. E. 378. We are therefore of opinion that the trial chancellor was correct in allowing this debt, and we hold also that interest should be allowed thereon from January 9, 1912, and that the whole amount thus to be ascertained should be declared a charge against the undivided one-third interest of Wallace Milam in the Andrew B. Milam real estate.

As to the $875.00 delay rentals received by Irvin under the oil and gas lease mentioned, we are of opinion that he should not be required to account to the Wallace Milam estate for any portion thereof. *McNeely* v. *South Penn Oil Co.*, 58 W. Va. 438, 52 S. E. 480; *Patterson* v. *Clem*, 79 W. Va. 666, 91 S. E. 654.

As to an undivided one-third of proceeds of sale of timber, cross-ties and locust posts, Irvin Milam was properly held by the circuit court to account to the estate of Wallace Milam, with interest.

The claim of Irvin Milam to an equitable lien for $120.00 with interest against the Andrew B. Milam land because of money alleged to have been paid by Irvin for his father in the purchase of the land, is not well taken and was properly disallowed by the trial court, if for no other reason, because not sustained by proper evidence.

The claim of the Wallace Milam estate that Irvin Milam should be required to account to it for the rental value of one-third of the land from the time of the death of Andrew B. Milam in January, 1918, until the date of the decree of the trial court, was properly rejected. *Ward* v. *Ward*, 40 W. Va. 611, 21 S. E. 746. The trial court also properly rejected the claim of Irvin Milam against the estate of his brother Wallace for one-third of the taxes paid by Irvin on the land subsequent to the death of their father in 1918.

The claim of Irvin for improvements was properly disregarded by the trial chancellor. It has no place in this suit, because, with respect to the Wallace Milam interest in the real estate, the court can go no further in this proceeding than to declare the ownership thereof to be vested in his heir. Code 1923, chapter 86, section 14. If and when the right to partition is asserted, the matters pertaining to improvements can be determined.

In consideration of all of said matters we are of opinion to reverse the decree of the trial chancellor and to remand the cause for further proceedings not at variance with the principles herein applied.

*Reversed and remanded.*